# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **ZACKARY DANIEL COBB** | **CASE NO. 6:23-CV-01118** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAKEVIEW LOAN SERVICING LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(5) and 12(b)(6). (Rec. Doc. 10). Plaintiff, proceeding *pro se*, filed an opposition styled *Motion to Remand Defendant's Motion to Dismiss* (Rec. Doc. 13) and a pleading styled *Plaintiff's Amended and Supplemental Pleading to Motion to Remand Defendant's Motion to Dismiss* (Rec. Doc. 15). Defendants opposed Plaintiff's purported motion to remand. (Rec. Doc. 17). The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that this case be remanded for lack of subject matter jurisdiction and/or pursuant to the Anti-Injunction Act and the *Colorado River/Moses Cone* doctrine.

## <u>Facts and Procedural History</u>

*Pro se* Plaintiff filed this suit in state court against Lakeview Loan Servicing and LoanCare, LLC to enjoin Defendants from attempting to collect a debt and foreclose on Plaintiff's property. He also seeks an award of damages. (Rec. Doc. 1-1). Defendants removed the case on the grounds of diversity (Rec. Doc. 1) and now seek to dismiss for lack of service and for failure to state a claim.

Plaintiff executed a mortgage on his property in favor of Assurance Financial Group to secure a loan for $218,960. (Rec. Doc. 10-2). Lakeview acquired the note and mortgage and, when Plaintiff failed to comply with payment obligations, instituted executory proceedings in state court to foreclose on the property. (Rec. Doc. 10-3). A writ of seizure was issued on March 28, 2023, for seizure and sale of the property. (Rec. Doc. 10-4). On June 14, 2023, Plaintiff filed the instant suit in state court wherein he alleged a series of correspondence between him and Defendants' attorneys created some sort of agreement nullifying the mortgage. Plaintiff requested service on Defendants through their alleged counsel, Jackson & McPherson, LLC. (Rec. Doc. 1-1, p. 7). Defendants dispute the propriety of this purported service and further seek dismissal for failure to state a claim.

Meanwhile, the sale of Plaintiff's property was scheduled for August 30, 2023; however, on August 3, 2023, before removal of the instant suit, Plaintiff filed a motion for temporary restraining order in the foreclosure proceedings to enjoin

2

foreclosure. The state court set a hearing on Plaintiff's TRO for November 6, 2023. (Rec. Doc. 13-1). Before considering the merits of Defendants' motion, the Court must first determine whether subject matter jurisdiction exists and whether federal court is the proper forum for the parties' dispute.

## Law and Analysis

**I.    Whether the Court has subject matter jurisdiction under the *Rooker-Feldman* doctrine.**

"[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). The facts of this case invoke the *Rooker-Feldmen* doctrine, which generally precludes federal courts from modifying or reversing state court judgments. The Fifth Circuit explained:

> Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress. The Supreme Court has explained that the doctrine is a narrow one and is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. The Supreme Court has cautioned that in light of the "narrow ground" *Rooker–Feldman* occupies, it does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party. In these circumstances, state-law preclusion principles control.

> One hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject. A federal district court lacks

jurisdiction over challenges to *state court decisions in particular cases* arising out of *judicial proceedings.* …

The second hallmark of the *Rooker–Feldman* inquiry is the source of the federal plaintiff's alleged injury. In a decision that the *Exxon Mobil* Court cited with approval, the Ninth Circuit held that

> [i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction. [*Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003)].

*Truong v. Bank of Am., N.A.,* 717 F.3d 377, 382–83 (5th Cir. 2013) (cleaned up; emphasis in original), relying on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

In *Truong*, the plaintiff alleged that the defendants (mortgagees who obtained an order of sale and seizure in state court foreclosure proceedings) misled her and the state court regarding the authenticity of certain evidence. *Id.* at 383. The court held that these were independent claims over which the district court had jurisdiction, because the plaintiff "did not seek to overturn the state-court judgment, and the damages she requested were for injuries caused by the banks' actions, not injuries arising from the foreclosure judgment." *Id.*

In contrast to *Truong's* claims independent from the state court foreclosure proceedings are claims which are "inextricably intertwined" with the state court

proceedings or claims wherein the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Texas Cap. Bank N.A.,* 660 F.3d 900, 904 (5th Cir. 2011), quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 350 (5th Cir.2003), and *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994). The *Rooker-Feldman* doctrine precludes federal court jurisdiction over such claims.

Importantly, Louisiana civil procedure explicitly permits a defendant in foreclosure (executory) proceedings to file a separate suit in the same court to enjoin the seizure and sale of his property. La. Code Civ. Proc. art. 2751 and 2752. See also discussion in *Berry v. Wells Fargo Bank, N.A.,* No. CV 22-889-JWD-RLB, 2023 WL 5230826, at *7 (M.D. La. July 26, 2023), *report and recommendation adopted,* No. CV 22-889-JWD-RLB, 2023 WL 5228922 (M.D. La. Aug. 14, 2023). Here, Plaintiff not only filed a separate suit, but he also challenged the seizure and sale order with a motion for TRO in the foreclosure proceedings. La. C.C.P. art. 2572 permits both procedures.

In *Berry v. Wells Fargo Bank*, the Middle District considered a nearly identical procedural scenario as in this case. The plaintiff filed suit is state court seeking to enjoin enforcement of separate foreclosure proceedings in state court. After the defendants removed the case on diversity grounds, the court applied the *Rooker-Feldman* doctrine to remand the case. *Id*. at *8. The Court reasoned:

In short, the instant proceeding, which seeks injunctive relief regarding the Foreclosure Judgment, is part and parcel to the executory process proceeding under Louisiana law. To be clear, Plaintiffs initiated this action in state court under the state court procedures for seeking relief from a foreclosure judgment in an executory process proceeding. This is not an original federal action in which a plaintiff seeks relief outside of the state executory proceeding procedures. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 548 F. App'x 979, 980 (5th Cir. 2013) (in reversing dismissal under the *Rooker-Feldman* doctrine of the plaintiff's claims brought under the Louisiana Unfair Trade Practices Act (LUPTA), the Fifth Circuit noted that "[i]mportantly for this appeal, Alphonse did not intervene and object in the executory proceedings in state court, nor did he appeal the judgment. Instead, Alphonse filed the instant federal action ...."); *see also Truong*, 717 F.3d at 380 (noting that the *Rooker-Feldman* doctrine did not apply where the plaintiffs did not seek to arrest the seizure and sale of her property by filing "an injunction proceeding" under Louisiana Code of Civil Procedure Article 2751); *Brooks v. Flagstar Bank, FSB*, No. 11-67, 2011 WL 2710026, at *8 (E.D. La. July 12, 2011) (dismissing claims against Courteau and Dena Morris in original federal action based on the *Rooker-Feldman* doctrine under Rule 12(b)(1) to the extent the "plaintiffs' claims would require the Court to review the state court judgment ordering issuance of the writ of seizure and sale, or are inextricably intertwined with that judgment," but separately dismissing the remaining claims under Rule 12(b)(6)).

*Id*.

This Court agrees with the foregoing reasoning and finds that the *Rooker-Feldman* doctrine applies (insofar as Plaintiff seeks to enjoin the foreclosure) to prevent this Court from considering the propriety of the state court order for seizure and sale. Plaintiff's suit also separately seeks damages, presumably for the allegedly improper foreclosure. To the extent Plaintiff's damage claims are inextricably intertwined with the foreclosure proceedings, *Rooker-Feldman* precludes

jurisdiction. To the extent Plaintiff's damage claims are beyond the scope of the foreclosure proceedings, *Rooker-Feldman* would not apply; however, as discussed below, the Court finds that abstention is nonetheless appropriate.

## II.    Abstention

The *Rooker-Feldman* doctrine notwithstanding,[1] the Court is concerned about federal and state comity issues if the case is allowed to proceed in federal court. The Court may raise the issue of abstention *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470, fn. 8 (5th Cir. 2003). Though this Court may have jurisdiction to adjudicate some of Plaintiff's claims, this does not mean it should. Both the Anti-Injunction Act and the *Colorado River/Moses River* abstention doctrine bear analysis.

### A. The Anti-Injunction Act

The Anti-Injunction Act provides: A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C.A. § 2283. "The Act is designed to prevent

---

[1]    The Court acknowledges that generally *Rooker–Feldman* should not apply "to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel." *Burciaga v. Deutsche Bank Nat'l Tr. Co.,* 871 F.3d 380, 387 (5th Cir. 2017). Plaintiff's state court suit to enjoin the foreclosure was permissible under art. 2751 and 2752 such that the seizure/sale order should not be given preclusive effect. See discussion in *Burciaga*. Absent precedential jurisprudence establishing an exception in the situation presented by this case, the Court acknowledges that abstention may be a more appropriate mechanism for remand but is nonetheless persuaded by the *Berry* court's reasoning.

7

conflict between federal and state courts." *United States v. Billingsley*, 615 F.3d 404, 409 (5th Cir. 2010) (quotations and citation omitted). "The Act does not prohibit only injunctions directed at state courts themselves, but also injunctions directed at private parties when the injunction would prohibit using the results of a state court proceeding." *Id*. The Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990) (citations omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed ... the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970). See also *Sw. Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 91 (5th Cir. 1977).

Plaintiff's suit seeks to enjoin the state court foreclosure proceedings. Even if *Rooker-Feldman* permitted exercise of jurisdiction, Plaintiff's request for injunction falls comfortably within the Anti-Injunction Act and cannot be adjudicated by this Court.

### B. *Colorado River/Moses Cone.*

Beyond the Anti-Injunction Act, and regarding Plaintiff's separate claim for damages, the Court must consider whether to abstain from exercising jurisdiction over this case under the doctrine established in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983). The Fifth Circuit set forth the following applicable law:

> The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources. It represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.
>
> The Supreme Court has not prescribed a hard and fast rule governing the appropriateness of *Colorado River* abstention, but it has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.
>
> In assessing the propriety of abstention according to these factors, a federal court must keep in mind that the balance should be heavily weighted in favor of the exercise of jurisdiction.

*Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650 (5th Cir. 2000) (cleaned up).

9

As an initial determination before applying the *Colorado River* factors, the Court must first determine whether the state and federal actions are parallel.

> We have previously held that a federal court may stay an action pending disposition of a state court action when the state and federal actions are parallel. We have identified parallel actions as those involving the same parties and the same issues, but we have also noted that it may be that there need not be applied in every instance a mincing insistence on precise identity of parties and issues. In light of our duty to consider wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation, we look both to the named parties and to the substance of the claims asserted in each proceeding.

*Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (cleaned up).

That the parties are the same in the federal and state court cases is obvious. The Court also finds that the issues in both proceedings are parallel in that Plaintiff is seeking to enjoin the sale and seizure of his property. That he also seeks damages for allegedly wrongful foreclosure does not destroy the parallel nature of the claims. The Court finds these claims are sufficiently parallel to apply the *Colorado River* factors.

(1) <u>Assumption by either court of jurisdiction over a res.</u>

This factor considers whether either court has taken control over a thing. See *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1191 (5th Cir. 1988). In this case, the state court, having issued a writ for the seizure of the property, has indeed assumed control of the property at issue. This factor weighs in favor of abstention.

(2) The relative inconvenience of the forums.

"When courts are in the same geographic location, the inconvenience factor weighs against abstention." *Stewart v. W. Heritage Ins. Co.,* 438 F.3d 488, 492 (5th Cir. 2006). The 15th Judicial District of Louisiana falls within this federal district and is located mere blocks away. This factor weighs against abstention.

(3) The avoidance of piecemeal litigation.

"The pendency of an action in state court does not bar a federal court from considering the same matter." *Id.* "While duplicative litigation is permitted, *Colorado River* prevents *'piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.'" *Id*. quoting *Black Sea Inv. v. United Heritage Corp.,* 204 F.3d at 650–51 (emphasis in original). Because this case involves property, the piecemeal consideration is especially relevant. This factor favors abstention.

(4) The order in which jurisdiction was obtained by the concurrent forums.

It is undisputed that the state court foreclosure proceeding is the original matter which triggered the instant proceedings. This factor favors abstention.

(5) Whether and to what extent federal law provides the rules of decision on the merits

Neither party has asserted the application of any federal law. Louisiana laws pertaining to executory proceedings are most relevant. Removal was based upon diversity jurisdiction under 28 U.S.C. §1332, rather than a federal question.

11

(6) <u>The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.</u>

The Court perceives no prejudice in sending the case back to state court where Defendants instituted the foreclosure proceedings at the heart of this matter. The Court further notes that La. C.C.P. art. 2752 explicitly permits plaintiffs to challenge such proceedings by appeal or by separate action filed *in the same court* as the executory proceedings. Here, Plaintiff has done both. Although Defendants were technically permitted to remove the case on the grounds of diversity jurisdiction, the Court finds that federal court jurisdiction bears minimal connection to the parties' disputes. Even if the Court had subject matter jurisdiction, abstention is warranted.

## Conclusion

For the reasons discussed herein, the Court recommends that the case be REMANDED for lack of jurisdiction and in the interests of judicial efficiency and comity.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

12

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of October, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE